O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#51

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-2383 PSG (PLAx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | Pelican Products, Inc. v. Plano Molding Company | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

|  Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Denying Defendant's Motion for Leave to File First Amended Answer and First Amended Counterclaims**

Pending before the Court is Defendant's Motion for Leave to File First Amended Answer and First Amended Counterclaims. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby DENIES Defendant's Motion.

I.   Background

On April 10, 2008, Pelican Products, Inc. ("Plaintiff") commenced a lawsuit against Plano Molding Company ("Defendant"). Plaintiff believed that certain waterproof and crushproof protective cases manufactured by Defendant infringed U.S. Patent No. 6,953,126 ("the '126 patent"), which Plaintiff holds. Defendant, on May 29, 2008 and May 30, 2008, filed an Answer and Counterclaims for noninfringement and invalidity. The Court then conducted a scheduling conference on July 7, 2008, at which time the Court set the following dates:

| | |
|---|---|
| Add Parties/Amend Pleadings Cut-Off: (Doe defendants are dismissed as of this cut-off date) | 08-07-08 |
| All Discovery Cut-Off: | 03-23-09 |
| Motion Filing Cut-Off: | 04-23-09 |

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#51

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-2383 PSG (PLAx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | Pelican Products, Inc. v. Plano Molding Company | | |

Final Pretrial Conference (2:30 p.m.):          06-15-09

Jury Trial (9:00 a.m.):                         06-23-09

. . . .

*Scheduling Conference* (Doc # 23).

On March 16, 2009, Defendant filed a Motion for Leave to File First Amended Answer and First Amended Counterclaims for Declaratory Relief and to Amend the Scheduling Order (the "Motion"). According to Defendant, as it was conducting discovery during the fall of 2008, it learned of inequitable conduct on the part of Plaintiff with regard to its patent application. Specifically, Defendant learned that Plaintiff failed to disclose certain prior art to the United States Patent and Trademark Office ("USPTO") when it applied for the '126 patent during the fall of 2003. Consequently, Defendant moved for an order allowing it to amend its answer and counterclaims.

This Motion was originally set for oral argument for April 13, 2009. However, on April 6, 2009, the Court granted Defendant's motion for summary judgment on the issue of noninfringement and, in error, concluded that the motion for summary judgment rendered all pending motions moot. On April 9, 2009, Defendant filed a request for an order allowing Defendant to continue prosecuting its counterclaims and resetting the hearing date for the Motion. The Court granted this request and reset the Motion for oral argument for May 11, 2009.

II.    Legal Standard

Ordinarily, motions to amend the pleadings are governed by Federal Rule of Civil Procedure 15(a) ("Rule 15"), which provides that unless a party can amend its pleading as a matter of course, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave when justice so requires." *Id.*

However, once a court has entered a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 ("Rule 16"), the standards of Rule 16, rather than Rule 15, governs

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#51**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2383 PSG (PLAx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | Pelican Products, Inc. v. Plano Molding Company | | |

amendment of the pleadings. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Mammoth Recreations*, 975 F.2d at 609. Indeed, while the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citation omitted). "If that party was not diligent, the inquiry should end." *Id.*

III.   Discussion

By this Motion, Defendant seeks leave to file an amended answer and counterclaim for inequitable conduct. Plaintiff opposes the Motion. As the Court has already entered a pretrial scheduling order, the standards of Rule 16 govern. *Mammoth Recreations*, 975 F.2d at 607-08.

Under Rule 16, Defendant must show good cause for not having amended its counterclaims before the time specified in the scheduling order expired. *See* Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists, the Court's primary consideration is Defendant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Mammoth Recreations*, 975 F.2d at 609).

The relevant facts are straightforward and undisputed. The cut-off date to amend the pleadings was August 7, 2008. On October 13, 2008, Defendant deposed Kevin Deighton, a witness designated by Plaintiff under Federal Rule of Civil Procedure 30(b)(6). At that deposition, Defendant became aware of the underlying conduct on which it would base its proposed amended answer and counterclaims. After receiving the deposition transcript in late October 2008, Defendant began to generate corroborating evidence to determine if it could state a claim for inequitable conduct. Defendant came into receipt of this corroborating evidence on January 29, 2009. However, Defendant did not first attempt to amend its answer and counterclaim until February 27, 2009, which was the day Defendant filed an ex parte application relating to this Motion.[1] Then, despite the fact that the Court denied the ex parte application on

_____

[1] In its ex parte application, Defendant sought permission to file the motion on March 2, 2009, without having to wait 20 days after the conference of counsel as set forth in Local Rule 7-3. *See* Doc #40.

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**#51**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-2383 PSG (PLAx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | Pelican Products, Inc. v. Plano Molding Company | | |

March 5, 2009, Defendant, without reason or explanation, waited until March 16, 2009, one week before the discovery cut-off, to file the present Motion.[2]

Defendant argues that since receiving its corroborating evidence on January 29, 2009, it has been diligently working to amend the scheduling order and its pleadings, including meeting-and-conferring with counsel for Plaintiff.  But the record belies Defendant's assertion. Completely missing from Defendant's account of the relevant events is an explanation for what happened between January 29, 2009 and February 27, 2009.  Surely during this four-week span Defendant could have filed the present Motion.  After all, the law at hand is both well-established and relatively simple and, as noted above, the facts are straightforward. Additionally, it bears repeating that Defendant became aware of the factual basis for this motion in October 2008.  Thus, had Defendant truly been diligently prosecuting this matter, it would have had a motion brief drafted and prepared by the time it received its corroborating evidence. Even if Defendant was not so prepared on January 29, 2009, the length of the Motion, and the uncomplicated arguments contained therein, strongly suggest that readying a brief on this particular issue could not have taken longer than a few days.  Yet there is a four-week span that Defendant has never accounted for, despite Plaintiff, on two different occasions, bringing to Defendant's attention this glaring omission in the timeline.  *See Opposition re: Ex Parte Application to Shorten Time for Hearing to March 23, 2009* (Doc #41); *Opposition to Motion for Leave to File First Amended Answer and First Amended Counterclaims* (Doc # 56).  Moreover, Defendant has not provided a reason or explanation for waiting eleven days to file the Motion after it received notice that the Court denied its ex parte application.

The Ninth Circuit has explained that the inquiry under Rule 16(b) should end if the Court finds the party was not diligent in seeking the proposed amendment.  *Mammoth Recreations*, 975 F.2d at 609.  The record evidences Defendant's lack of diligence in seeking the proposed amendment.  Accordingly, the Court finds that Defendant has not established good cause for setting aside the scheduling order and, therefore, DENIES its Motion.

IV.   <u>Conclusion</u>

Based on the foregoing, the Court DENIES Defendant's Motion.

---

[2]The Court notes that as a consequence of Defendant's choice to file the Motion on March 16, 2009, Plaintiff would have effectively been precluded from obtaining discovery on the issues relating to the amendment of Plano's answer and counterclaims had the Court in fact granted the Motion.

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**#51**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-2383 PSG (PLAx) | Date | May 6, 2009 |
|----------|-----------------------|------|-------------|
| Title | Pelican Products, Inc. v. Plano Molding Company | | |

**IT IS SO ORDERED.**